UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CARL A. TUCKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 3:03-CR-88-PLR-CCS-2 |
| | ) | 3:16-CV-609-PLR |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 173]. He bases his request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. For the following reasons, the petition will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.   BACKGROUND**

In 2005, Petitioner pled guilty to armed federal bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) (Count One), using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two), and possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1) (Count Three) [Docs. 109, 110, 121]. Based on three Tennessee robbery convictions—a 1984 Tennessee conviction for bank robbery [Presentence Investigation Report ("PSR") ¶ 57], and two 1992 Tennessee convictions for simple robbery [*Id.* ¶¶ 58, 59]—the United States Probation Office deemed Petitioner both a career offender under Section 4B1.1 of the United States Sentencing Guidelines and armed career criminal subject to the ACCA's

enhanced fifteen-year mandatory minimum [*Id.* ¶¶ 37, 38, 93, 94]. On July 5, 2005, this Court sentenced Petitioner to an aggregate sentence of 262 months' imprisonment—concurrent 202-month terms of imprisonment for Counts One and Three, followed by a consecutive 60-month term of incarceration for Count Two [Doc. 121].

No appeal was taken and the conviction became final on July 19, 2005, at the expiration of time to appeal. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining an unappealed judgment of conviction becomes final when the time for filing a direct appeal has elapsed); Fed. R. App. Proc. 4(b)(1)(A)(i)("In a criminal case, a defendant's notice of appeal must be filed in the district court within [fourteen] days after . . . the entry of . . . judgment."). More than eleven years later—on November 14, 2016—this Court received the instant petition for relief seeking correction of sentence in light of *Johnson* [Doc. 173].[1]

## II. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

---

[1] The Court need not determine whether the petition is timely under § 2255(f) because, even if it is, the claims for collateral relief fail as a matter of law.

The petition contains three grounds for collateral relief, each relying on the *Johnson* decision. Petitioner requests the following: (1) vacatur of his sentence because he no longer qualifies as an armed career criminal (Ground One); (2) vacatur of his sentence because he no longer qualifies as a career offender (Ground Two); and (3) vacatur of his § 924(c) conviction because his violation of §§ 2113(a) and (d) no longer qualifies as a "crime of violence" under § 924(c)(3)(B) (Ground Three) [Doc. 173]. Each fail to state a viable basis for collateral relief.

**A.  Grounds One and Two: ACCA and Career Offender Enhancements**

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis added). The provision defines "serious drug offense" as any "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The Act goes on to define "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). Only the third portion of the above definition—the residual clause—was held to be unconstitutionally vague by the Supreme Court in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did not call into question the remainder of the ACCA's definition of violent felony—the use-of-physical-force and enumerated-offense clauses.

3

*Id.*; *United States v. Priddy*, 808 F.3d 676, 682–83 (6th Cir. 2015). Nor does *Johnson* disrupt the use of a defendant's prior serious drug offenses as an independent form of ACCA predicate conviction. *See, e.g.*, *United States v. Smith*, No. 10-CR-20058, 2015 WL 5729114, at *9–13 (E.D. Mich. Sept. 20, 2015) (noting that *Johnson* does not affect a defendant's categorization as an armed career criminal based on his or her prior serious drug offenses).

Section 4B1.1 classifies a defendant as a career offender if (1) he or she was at least eighteen years old at the time the defendant committed the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he or she has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S. Sentencing Manual § 4B1.1(a). Only Petitioner's satisfaction of the third prong—possession of two qualifying predicate convictions—is disputed [Doc. 173].

"Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Manual § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual §4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

The validity of Petitioner's sentence thus depends on whether three or more of his prior convictions qualify as violent felonies under one of the unaffected provisions of § 924(e)(2)(B) or as serious drug offenses under § 924(e)(2)(A), and whether two or more of his prior convictions qualify as crimes of violence under one of the unaffected provisions of Section 4B1.2(a) or as controlled substance offenses under Section 4B1.2(b). *See, e.g.*, *United States v.*

4

*Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n. 1 (2016). To determine whether an offense qualifies under one of the above provisions, courts must first identify the precise crime of conviction by employing a "categorical approach," looking "only to the statutory definitions—elements—of a prior offense, and not to the particular facts underlying [each individual] conviction[]." *Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013).

Review of Petitioner's PSR reveals that a sufficient number of his convictions categorically qualify as predicates independent of the ACCA and Guideline residual clauses. Specifically, binding Sixth Circuit authority dictates that all three of Petitioner's prior Tennessee robbery convictions categorically qualify as violent felonies and crimes of violence under the ACCA and Guidelines use-of-physical-force clauses. *See, e.g.*, U*nited States v. Taylor*, 800 F.3d 701, 719 (6th Cir. 2015) ("[T]he Supreme Court's holding in *Johnson* leaves unaffected this Court's determination that simple robbery in Tennessee is a predicate offense under the 'use-of-physical-force' clause."); *United States v. Mitchell*, 743 F.3d 1054, 1058–60 (6th Cir. 2014) (holding that all forms of Tennessee robbery are categorically violent felonies under the ACCA's use-of-physical-force clause). Because the *Johnson* decision has no affect his designation as an armed career criminal or career offender, Grounds One and Two fail as a matter of law.

**B.     Ground Three: Validity of § 924(c) Conviction**

To the extent Petitioner argues that the *Johnson* decision invalidated the residual clause in § 924(c)(3)(B), thereby precluding his violation of 18 U.S.C. §§ 2113(a) and (d) from

5

categorization as a "crime of violence" sufficient to support a conviction under § 924(c)(1)(A) [Doc. 173 (seeking vacatur of § 924(c) conviction)], that argument fails for two reasons.

First, binding Sixth Circuit precedent holds that while *Johnson* invalidated the residual provision of the ACCA and identically worded clause in Section 4B1.2, § 924(c)(3)(B)'s definition of crime of violence remains unaffected.[2] *See United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016) (concluding "rationale of *Johnson* applies equally" to the Guidelines' definition of crime of violence); *United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016) (recognizing at least four "significant differences" between the residual clause in § 924(c)(3)(B) and the ACCA's residual clause and noting "the argument that *Johnson* effectively invalidated [the former] is . . . without merit"). As such, the conviction under 18 U.S.C. §§ 2113(a) and (d) remains capable of supporting Petitioner's conviction under § 924(c)(1)(A).

Second, even if *Johnson*'s reasoning could be used to invalidate § 924(c)(3)(B)'s residual clause, Petitioner's conviction under 18 U.S.C. §§ 2113(a) and (d) would remain a crime of violence under the provision because the offense qualifies under the use-of-physical-force clause contained in § 924(c)(3)(A). An offense qualifies as a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Petitioner's conviction, which by definition involves assaulting or using a dangerous weapon or device while taking or attempting to take from the

---

[2] Section 924(c)(1)(A) makes it a crime for an individual, "in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, [to] use[,] carr[y] [or possess] a firearm . . . in furtherance of . . . such crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) goes on to define "crime of violence" as any "felony" that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (use-of-physical-force clause); or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" ("residual clause").

6

presence of another by force or violence a thing of value in the care, custody, control, management, or possession of a bank, 18 U.S.C. §§ 2113(a) and (d), categorically falls within the scope of that provision. *See, e.g.*, *United States v. McBride*, No. 15-3759, 2016 WL 3209496, at *2 (6th Cir. June 10, 2016) (finding that federal bank robbery, in violation of 18 U.S.C. § 2113(a), which can be committed "by force and violence, or by intimidation," falls within Section 4B1.2(a)'s use-of-physical-force clause); *accord In re Watt*, No. 16-14675, 2016 WL 3941083, at *1 (11th Cir. July 21, 2016) (explaining that a violation of 18 U.S.C. § 2114(a) would constitute a crime of violence under § 924(c)(3)(A)); *United States v. Enoch*, No. 15-cr-66, 2015 WL 6407763, at *3 (E.D. Ill. Oct. 21, 2015) (concluding violations of 18 U.S.C. § 2114(a) categorically qualified as crimes of violence under § 924(c)(3)(A), the use-of-physical-force clause); *United States v. Mitchell*, 743 F.3d 1054, 1058–60 (6th Cir. 2014) (finding that Tennessee robbery, which can be committed "by violence or putting the person in fear," categorically qualifies as a violent felony under the use-of-physical-force clause). The *Johnson* decision has no effect on Petitioner's § 924(c) conviction, Ground Three fails as a matter of law.

## IV. CONCLUSION

For the reasons discussed, Petitioner's § 2255 motion [Doc. 173] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

_____
**UNITED STATES DISTRICT JUDGE**