**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 3:03-CR-88-2** |
| | ) | **REEVES** |
| **CARL A. TUCKER** | ) | |
| | ) | |

# MEMORANDUM OPINION

Before the Court are five *pro se* motions filed by Carl Anthony Tucker. Three motions seek the appointment of counsel to review his case for the applicability of various legal developments. [D. 182, 183, 184]. Two motions request a sentence reduction. [D. 187, 190]. As follows, all five motions will be denied.

## I. Background

In 2005, Mr. Tucker pleaded guilty to armed federal bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) (Count Three), using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Four), and possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) (Count Five). [D. 109, 110, 121]. Because of Mr. Tucker's prior Tennessee robbery convictions, the United States Probation Office deemed Mr. Tucker both a career offender under United States Sentencing Guidelines ("USSG") § 4B1.1 and an armed career criminal subject to the Armed Career Criminal Act's enhanced fifteen-year mandatory minimum. [Presentence Investigation Report ("PSR") ¶¶ 37, 38, 93, 94]. On July 5, 2005, the Honorable Thomas W. Phillips, United States District Judge, sentenced Mr. Tucker to an aggregate sentence of 262 months'

imprisonment—concurrent 202-month terms of imprisonment for Counts Three and Five, followed by a consecutive 60-month term of imprisonment for Count Four. [D. 121]. On March 12, 2014, Mr. Tucker's case was reassigned to the undersigned. [D. 153].

On April 23, 2018, Mr. Tucker requested appointment of counsel to review his case in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). [D. 182]. On February 8, 2019, Mr. Tucker requested appointment of counsel to review his case in light of the First Step Act of 2018. [D. 183]. On February 15, 2019, Mr. Tucker requested appointment of counsel to review his case in light of a Fourth Circuit decision, *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019). [D. 184].

On April 15, 2019, Mr. Tucker moved for a reduction in sentence due to his age, the amount of time he has served, and his desire to return to his family. On October 15, 2019, Mr. Tucker moved for a reduction in sentence under 28 U.S.C. § 3582(c)(2) due to Amendment 599 to the United States Sentencing Guidelines. The government has not responded to these motions.

## II. Analysis

The Court will first address Mr. Tucker's requests for the appointment of counsel to review his case, then turn to his motions for a sentence reduction.

### A. Motions to Appoint Counsel

Mr. Tucker has requested that the Court appoint counsel to review his case to see whether various legal developments make him eligible for a reduced sentence.

There is no general constitutional right to appointed counsel in post-conviction proceedings, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), including proceedings under 18 U.S.C. § 3582(c). *See United States v. Bruner*, No. 5:14-CR-05-KKC, 2017 WL 1060434, at *2 (E.D. Ky. Mar. 21, 2017) (collecting cases). A court has discretion to appoint counsel if the interests of justice so require. *See generally* 18 U.S.C. § 3006A (providing interests of justice standard for appointment of counsel in similar post-conviction proceedings).

Here, Mr. Tucker has not provided any information that would suggest that the appointment of counsel would be appropriate in light of any of the authorities cited. Moreover, pursuant to Standing Order 19-01 and Standing Order 19-04, Federal Defender Services of Eastern Tennessee ("FDSET") has already been directed to identify and evaluate all cases that may be affected by Sections 404 and 603(b) of the First Step Act of 2018. E.D. Tenn. SO-19-01; E.D. Tenn. SO-19-04. FDSET has reviewed Mr. Tucker's case and declined to take any action under the First Step Act. [D. 186]. Because appointment of counsel would be unwarranted or unnecessary, all three of Mr. Tucker's motions to appoint counsel [D. 182, 183, 184] will be denied.

**B. Motions to Reduce Sentence**

Mr. Tucker has also twice moved for a reduction in sentence. Mr. Tucker's first motion identifies no legal basis for a sentence reduction, but his second motion seeks relief under 28 U.S.C. 3582(c)(2) and Amendment 599 to the United States Sentencing Guidelines.

Once a district court has imposed a sentence, the court lacks "the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010). One such statute 18 U.S.C. § 3582(c)(1)(A), which provides for compassionate release when there are "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). Another is 18 U.S.C. § 3582(c)(2), which authorizes a court to reduce a prison sentence where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" via a retroactively applicable amendment, such as Amendment 599. 18 U.S.C. § 3582(c)(2); *see United States v. Shepherd*, 83 F. App'x 88, 89 (6th Cir. 2003) (holding that Amendment 599 applies retroactively).

Amendment 599 made certain changes to the commentary to USSG § 2K2.4, which impacts the sentence of a defendant who is convicted under 18 U.S.C. §§ 844(h), 924(c), or 929(a). In relevant part, Amendment 599 clarified "under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapon enhancements contained in the guidelines for those other offenses." *Shepherd*, 83 F. App'x at 89 (quoting USSG App. C, p. 71 (Supp. 2000)). Specifically, "[t]he amendment directs that no guideline weapon enhancement should be applied." *Id.* (quoting USSG App. C, p. 71 (Supp. 2000)).

Here, Mr. Tucker's first motion for a sentence reduction does not identify a legal basis for relief, but the Court construes it as a motion for compassionate release under 18

U.S.C. § 3582(c)(1)(A)(i). However, Mr. Tucker does not address the statutory exhaustion requirements that must precede a motion for compassionate release. *See United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020). Moreover, while Mr. Tucker states that he is aging, has served many years of his sentence, and wishes to return to his family, these are not "extraordinary and compelling reasons" that would warrant a sentence reduction. Consequently, Mr. Tucker's first motion for a sentence reduction [D. 187] will be denied.

Mr. Tucker's second motion for a sentence reduction is predicated upon Amendment 599. However, Amendment 599 became effective on November 1, 2000, several years prior to Mr. Tucker's sentencing, and its benefits were applied to Mr. Tucker's case. [PSR ¶¶ 20, 23 ("There will be *no* adjustment for the display of the firearm during the robbery because of the defendant's conviction in Count Four of a violation of 18 U.S.C. § 924(c)(l).") (emphasis added); *id.* ¶ 30 ("Even though the defendant possessed the firearm during the commission of the bank robbery, four levels will *not* be added pursuant to USSG § 2B3.1(b)(5) because of the defendant's conviction in Count Five, which is calculated under USSG § 2K2.4 (see USSG § 2K2.4 application note four) (emphasis added)]. Mr. Tucker received the statutorily mandated 60-month consecutive sentence for Count Four, the § 924(c) charge, but no offense level adjustments were made regarding Counts Three and Five. In short, no "double counting" occurred, contrary to Mr. Tucker's claim. Consequently, Mr. Tucker's § 3582(c)(2) motion for a sentence reduction [D. 190] will be denied.

**III. Conclusion**

For the reasons set forth above, Mr. Tucker's motions for appointment of counsel [D. 182, 183, 184] are **DENIED**, and Mr. Tucker's motions for a sentence reduction [D. 187, 190] are **DENIED**.

**IT IS SO ORDERED.**

______________________________
**CHIEF UNITED STATES DISTRICT JUDGE**