UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:03-CR-088 |
| | ) | |
| CARL ANTHONY TUCKER | ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's *pro se* "Motion to Re-Open for Compassionate Release COVID-19 28 U.S.C. 3582(c)(2)." [Doc. 203]. Therein, the defendant appears to: (1) seek reconsideration of the denial of a prior sentence reduction motion based on Amendment 599 to the Sentencing Guidelines; (2) seek reconsideration of the denial of his prior motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i); and (3) present a renewed attack his conviction under 28 U.S.C. § 2255. The United States has responded in opposition to the motion [doc. 205] and the defendant has not submitted a reply within the time allowed by this court's Local Rules.

### I.  BACKGROUND

In July 2005, the Honorable Thomas W. Phillips sentenced the defendant, as both a Career Offender and an Armed Career Criminal, to a net term of 262 months' imprisonment for the crimes of aiding and abetting bank robbery, aiding and abetting the use and carrying of a firearm during and in relation to a crime of violence, and being a felon in possession of ammunition. The defendant is presently housed at FCI Williamsburg with a projected release date of July 14, 2022. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Mar. 25, 2021).

## II. AMENDMENT 599

In October 2019, the defendant moved for a sentence reduction under 28 U.S.C. § 3582(c)(2) and Amendment 599 to the United States Sentencing Guidelines. [Doc. 190]. By memorandum and order entered July 16, 2020, the Honorable Pamela L. Reeves denied that motion. [Doc. 192]. For the reasoning provided by Judge Reeves, which the undersigned adopts in its entirety, the defendant's renewed request for Amendment 599 relief will also be denied.

## III. COMPASSIONATE RELEASE

The defendant previously moved for compassionate release from prison in July and October of 2020. [Docs. 191, 200]. The undersigned denied those motions on October 14, 2020 [doc. 202], applying a standard which has since been modified by the Sixth Circuit Court of Appeals. *See United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020); *United States v. Elias*, 984 F.3d 516 (6th Cir. 2021).

Section 3582(c)(1)(A)(i) of Title 18, United States Code, allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

2

> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. When the undersigned denied the defendant's prior compassionate release motion in October 2020, district courts in this circuit regularly turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" warranting a sentence reduction. However, as of November 20, 2020, courts are no longer to do so, at least as to compassionate release motions filed by defendants (rather than by the BOP). *See Jones*, 980 F.3d at 1108 ("[H]olding" that guideline 1B1.13 "is not an 'applicable' policy statement when an imprisoned person files a motion for compassionate release.").

In *Jones*, the Sixth Circuit observed that "[d]istrict courts should [still] consider all relevant § 3553(a) factors before rendering a compassionate release decision." 980 F.3d at 1114. Subsequently, in *Elias*, the appellate court "clarified" that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." 984 F.3d at 519.

In its prior ruling, this Court considered the 18 U.S.C. § 3553(a) factors and concluded that "[t]he requested sentence reduction in this case would not reflect the seriousness of the offenses of conviction, would not promote respect for the law or afford adequate deterrence, and would not adequately protect the public from future crimes." [Doc. 202, p. 7-9]. That reason for denying the defendant's motion was separate from the Court's then-mandatory consideration of U.S.S.G. § 1B1.13, providing a distinct and still-viable basis for the Court's decision. *Elias*, 984 F.3d at 519.

The Court has considered the argument raised in the defendant's renewed motion (Amendment 599 which, as noted, is without merit) and finds no cause to alter its prior consideration of the 3553(a) factors. For that reason, the defendant's renewed compassionate release request will be denied.

## IV. 28 U.S.C. § 2255

Lastly, the Court notes the defendant's argument that he "deserves a second look at this (case)[.] The courts have always ignored the evidence of the (affidavit) for some reason, or another[.]" [Doc. 203, p. 2] (parentheses in original). The defendant has submitted the purported affidavit of a codefendant alleging the defendant's actual innocence [*id.*, p. 5] along with two pages in which the defendant appears to claim actual innocence. [*Id.*, p. 6-7]. Therefore, notwithstanding its caption, the Court construes the instant motion in part as an attempt to file a second or successive motion under 28 U.S.C. § 2255. "[S]ubstance, rather than labels, should control in legal proceedings[.]" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996, the defendant cannot file a second or successive § 2255 motion in the district court until he has moved in the United States Court of Appeals for the Sixth Circuit for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2255(h) (referencing 28 U.S.C. § 2244). This Court has not received an order from the Sixth Circuit authorizing consideration of another § 2255 motion by the instant defendant.

### III. CONCLUSION

As provided herein,

1. To the extent that the defendant seeks relief under Amendment 599 to the Sentencing Guidelines, his motion [doc. 203] is **DENIED**.

2. To the extent that the defendant seeks relief under 18 U.S.C. § 3582(c)(1)(A)(i), his motion [doc. 203] is **DENIED**.

3. To the extent that the defendant intends to file a second or successive § 2255 motion, the Clerk of Court is **DIRECTED** to transfer this action [doc. 203] to the Sixth Circuit, pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45 (6th Cir. 1997).

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge